IN THE SUPREME COURT OF THE STATE OF DELAWARE

DANIEL GOODE,[1]         §
                                §

Respondent Below,       § No. 39, 2024
Appellant,              §

                                  § Court Below—Family Court
v.                         § of the State of Delaware
                                  §

SARINA GOODE,        § File No. CN21-04778
                                  § Petition Nos. 23-23476

Petitioner Below,        §                23-17514
Appellee.              §

Submitted: February 2, 2024
Decided: February 27, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order, it appears to the Court that:

(1) The appellant ("Ex-Husband") has petitioned this Court under Supreme Court Rule 42 to accept an appeal from the Family Court's orders dated November 30, 2023, and January 5, 2024, which (i) denied Ex-Husband's motion to dismiss a petition for specific performance filed by the appellee ("Ex-Wife") and (ii) addressed Ex-Husband's motion for reargument of the denial of the motion to dismiss and provided the rationale for the denial of the motion to dismiss.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     Ex-Husband filed for divorce in September 2021 and did not ask the Family Court to retain jurisdiction over ancillary matters.  The Family Court issued a final divorce decree on November 30, 2022.  In August 2023, Ex-Wife filed a motion to reopen ancillary matters, stating that she had not previously asked the court to resolve ancillary matters because the parties had reached their own agreement as to such matters.  She asserted that Ex-Husband had later stopped complying with the parties' agreement, prompting her to seek court intervention.  Ex-Husband opposed, and on September 12, 2023, a Family Court commissioner denied Ex-Wife's motion to reopen the proceedings.  Ex-Wife did not file a request for review of the commissioner's order.

(3)     On October 30, 2023, Ex-Wife filed a petition seeking specific performance of the purported separation agreement.  Ex-Husband moved to dismiss the petition, arguing that *res judicata* barred Ex-Wife from seeking specific performance because she had failed to request that relief in her motion to reopen.  Ex-Wife responded that *res judicata* did not bar her petition because the court had not previously decided the issue of the enforceability of the separation agreement.  The Family Court denied the motion to dismiss in an order that did not provide any reasoning.

(4)     Ex-Husband moved for reargument.  After briefing by the parties, the Family Court provided the reasoning for its decision in an order dated January 5,

2

2024.  The court determined that Ex-Wife's petition for specific performance was not barred by *res judicata* because Ex-Wife's claim that the parties "had agreed to and performed under a valid and enforceable contract had not yet been litigated" and "the issue of enforceability of the parties' separation agreement was not addressed or litigated" in connection with the motion to reopen.  Applying the five-prong test for *res judicata* set forth in *LaPoint v. AmerisourceBergen Corp.*,[2] the court determined that Ex-Wife's petition for specific performance was "both legally and factually separate and distinct" from the motion to reopen.  The court further stated that denying Ex-Wife the opportunity to litigate the enforceability of the alleged separation agreement would contravene principles of equity and that the litigation would afford Ex-Husband the opportunity to assert "any and all defenses" to the validity or enforceability of the alleged agreement.

(5)     Ex-Husband sought certification of an interlocutory appeal.  He argued that the Family Court's decisions decided a substantial issue of material importance because the issue raised—whether Ex-Wife's petition for specific performance should be dismissed—is potentially case dispositive.  Similarly, Ex-Husband argued that the potential benefits of interlocutory review outweigh the potential costs because if he prevails on appeal the parties will save the expense of further litigation.

---

[2] 970 A.2d 185, 192 (Del. 2009) (quoting the "elements of *res judicata*" as "recently reiterated" in *Dover Hist. Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006)).

Addressing the Rule 42(b)(iii) factors, Ex-Husband argued that (i) the Family Court's decisions involve a question of first impression;[3] (ii) the decisions sustained the jurisdiction of the Family Court;[4] (iii) the "practical effect" of the decisions was to "set aside"[5] or "vacate[] or open[]"[6] a prior decision of the Family Court—specifically, the resolution of the divorce proceedings without the court having addressed ancillary financial matters; (iv) Ex-Husband's success on appeal would terminate the litigation;[7] and (v) interlocutory review would serve considerations of justice.[8] The Family Court adopted Ex-Husband's proposed order certifying the interlocutory appeal.

(6) We conclude that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[9] Although interlocutory review of the Family Court's decision might terminate litigation and therefore reduce the expense of litigation and promote certain considerations of justice,[10] that is almost always true when a trial court denies

---

[3] DEL. SUPR. CT. R. 42(b)(iii)(A).
[4] *Id.* R. 42(b)(iii)(D)
[5] *Id.* R. 42(b)(iii)(E).
[6] *Id.* R. 42(b)(iii)(F).
[7] *Id.* R. 42(b)(iii)(G).
[8] *Id.* R. 42(b)(iii)(H).
[9] *Id.* R. 42(d)(v).
[10] A countervailing consideration of justice is the general preference that matters should be resolved on their merits.

a motion to dismiss. But we conclude that the Family Court's decision applying well-settled principles of *res judicata*, albeit in somewhat unusual or even unique circumstances, does not raise a legal question of first impression or satisfy the other factors for interlocutory review set forth in Rule 42(b)(iii)(A), (D), (E), or (F).[11] Exceptional circumstances that would merit interlocutory review of the Family Court's decisions do not exist in this case,[12] and the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[11] Ex-Husband did not contend that the factors set forth in Rule 42(b)(iii)(B) or (C) applied, and we agree that they do not.
[12] DEL. SUPR. CT. R. 42(b)(ii).